MEMORANDUM **
In these consolidated petitions, Mukesh Chand, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen proceedings in order to apply for asylum based on changed country conditions (No. 03-73321) and the BIA’s order denying his motion to reconsider (No. 05-73084). We review for abuse of discretion the denial of both motions to reopen and reconsider, and review de novo constitutional questions, including claims of ineffective assistance of counsel. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir.2005). We deny the petition for review in No. 03-73321, and we deny in part and dismiss in part the petition in No. 05-73084.
The BIA acted within its discretion in denying reopening because Chand failed to submit evidence of changed country conditions, see 8 C.F.R. § 1003.2(c)(1) (a motion to reopen “shall be supported by affidavits or other evidentiary material”) and did not demonstrate he suffered prejudice as a result of his prior attorney’s performance. See Mohammed, 400 F.3d at 793 (petitioner must show that counsel failed to perform with sufficient competence and that petitioner was prejudiced by counsel’s performance).
The BIA was within its discretion in denying reconsideration because the motion was untimely. See 8 C.F.R. § 1003.2(b)(2).
We lack jurisdiction to review the BIA’s decision not to exercise its sua sponte authority to reopen Chand’s proceedings. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
In No. 03-73321, PETITION FOR REVIEW DENIED.
In No. 05-73084, PETITION FOR REVIEW DENIED in part, DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.